| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| GERARD L. CLARK,<br><br>                              Appellant,<br><br>            - versus -<br><br>MARIANNE DeROSA as TRUSTEE; BANK<br>OF AMERICA, N.A.; CAB EAST, LLC;<br>COASTAL CAPITAL CORP.,<br><br>                              Appellees. | MEMORANDUM<br>AND ORDER<br>13-cv-3451 |

JOHN GLEESON, United States District Judge:

    Before the Court is an appeal from the voluntary bankruptcy proceeding of debtor Gerard L. Clark pursuant to Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York. Clark, who is proceeding *pro se*, appeals from an order dated April 25, 2013 of the Honorable Elizabeth S. Stong. That order granted the Chapter 13 Trustee's motion to dismiss the Chapter 13 bankruptcy proceeding. On May 13, 2013 Clark filed a notice of appeal. The Chapter 13 Trustee; Cab East, LLC; and Bank of America, N.A. (collectively, the "appellees") move to dismiss the appeal on the ground that it is untimely pursuant to Rule 8002(c) of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the motion to dismiss the appeal is granted.

DISCUSSION

    The Federal Rules of Bankruptcy Procedure govern the appeal of a bankruptcy court order. Rule 8002, which pertains to "Time for Filing Notice of Appeal," provides that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the

judgment, order, or decree appealed from."[1] Fed. R. Bankr. P. 8002(a). This deadline may be extended on application to the bankruptcy judge either within the prescribed 14-day period or up to 21 days after the expiration of that period "upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2).

In construing Rule 8002(a), the Second Circuit has held:

> We . . . follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect.

*Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005) (internal quotation marks omitted) (affirming district court's dismissal of *pro se* appellant's bankruptcy appeal on grounds that district court lacked jurisdiction to hear appeal due to untimely notice of appeal); *see also Hunt v. Thaler*, No. 07-cv-3737, 2008 WL 4104574 (E.D.N.Y. Sept. 3, 2008) (dismissing *pro se* appellant's bankruptcy appeal on jurisdictional grounds where appellant filed untimely notice of appeal); *Delafield 246 Corp. v. City of New York*, No. 07-cv-6238, 2007 WL 4103830 (S.D.N.Y. Nov. 13, 2007) (same).

Here, the deadline for filing a notice of appeal from the April 25, 2013 Order was May 9, 2013. Clark did not file the notice of appeal until May 13, 2013 and he failed to request

---

[1] In computing time, Fed. R. Bankr. P. 9006(a) provides:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

2

an extension of time within the required time limits. The notice of appeal is therefore untimely and the Court lacks jurisdiction to consider the appeal.[2]

## CONCLUSION

For the reasons set forth above, the motion to dismiss the appeal is granted. The Clerk of Court is respectfully directed to close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 10, 2013
      Brooklyn, New York

---

[2] Clark's opposition papers raise several arguments, none of which has merit. Clark argues, for example, that his notice of appeal was timely because it was *dated* May 10, 2013, even though it was not docketed until May 13, 2013. Clark Mem. in Opp. Mot. to Dismiss 2, ECF No. 18. But the language of Rule 8002(a) makes clear that the notice of appeal must be "*filed* with the clerk within 14 days of the date of the entry of the judgment." (emphasis added). Clark's notice of appeal bears a time stamp indicating that it was received by the clerk of the Bankruptcy Court on May 13, 2013. Not. of Appeal, ECF No. 1. Moreover, as calculated above, the deadline for filing the notice of appeal was May 9, 2013, not May 10, 2013. Clark also argues that an affidavit that he filed with this Court on June 19, 2013, which requested that the Court grant "an appeal from all proceedings had in the Eastern District Bankruptcy Court that resulted in an April 25, 2013 Order dismissing [Clark]'s Chapter 13 case," Clark Aff., ECF No. 4, should be "liberally construed as 'an Extension of Time to Appeal,'" Clark Mem. in Opp. Mot. to Dismiss 2. However, as stated above, such an extension can only be extended on application to the bankruptcy judge either within the 14-day period for filing the notice of appeal or up to 21 days after the expiration of that period "upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2). Clark's affidavit, even if liberally construed as such an extension, was not made to the bankruptcy judge, nor was it within the 21-day period following the expiration of the 14-day deadline for filing a notice of appeal.